# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    No. CV 08-0235 JP/WDS
                                                         CR 06-0772 JP

ARTURO DIAZ-ARREOLA,

Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Arturo Diaz-Arreola, an inmate of U.S.P. Canaan, Waymart, PA. Diaz-Arreola is acting *pro se*. Respondents filed a response in opposition to the motion. The United States Magistrate Judge, having considered the arguments of the parties, the record, the original plea agreement, the pre-sentence report, the transcripts of the February 21, 2007, and March 19, 2007 sentencing hearings, the relevant law, and being otherwise fully advised, finds the Motion is not well taken and recommends that it should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Diaz-Arreola is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The Court's analysis is set out below.

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**Claims**

Diaz-Arreola asserts three claims in his motion.  First, Diaz-Arreola claims that the Government breached  the Plea Agreement it had entered into with him.  His second claim argues that  the Court unconstitutionally applied enhanced  penalties retroactively in violation of the Constitutions' *ex post facto*  clause.  Thirdly, he argues that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to file a direct appeal and defense counsel's failure to present anything in his favor to the Court at sentencing.

**Factual and Procedural Background.**

Movant is a native of Mexico.  In 2004 he was convicted in New Mexico for Transporting Illegal Aliens (Case No. 03CR2093 RB).  He was convicted under the name of Carlos Lazano, and was thought at the time to be U.S. citizen.  By 2006 Movant was serving a two year period of supervised released on the transporting charge.

In February 2006, it came to the attention of authorities that Movant was not a citizen and had previously been deported after having been convicted of illegal reentry in the District Court of the Western District of Texas, in El Paso.  Movant was arrested in Illinois, returned to New Mexico and charged in an information with Reentry of a Deported Alien Previously Convicted of a Felony.

In late March 2006, the Government sent the Movant's original attorney a proposed plea agreement.  That agreement contained at page 3, paragraph 8, standard language stating that:

> . . . the defendant and the United States agree that the defendant's sentencing guidelines offense level is nine (9) . . . This stipulation is based upon the information currently known to both parties; specifically, that the defendant has no felony conviction that qualifies as a conviction under the United States Sentencing

guidelines (citations omitted ) which became final prior to the defendant's most recent removal from the United States.

The proposed plea agreement also stated:

> If the United States learns, prior to sentencing in this matter, that the defendant has one or more such convictions, the United States reserves the right, in its sole discretion, to withdraw this plea agreement.

On April 13, 2006, pursuant to that proposed plea agreement, the Defendant pled guilty as Arturo Diaz-Arreola to an information charging Reentry of a Deported Alien Previously Convicted of a Felony. Subsequent to that plea the Government became aware of additional convictions. The Government notified original defense counsel of its intent to withdraw the plea agreement under paragraph 8 of the agreement. Subsequently, Defendant filed a *pro se* motion to enforce the plea agreement.

In January 2007, Judge Parker allowed original counsel to withdraw and attorney Noel Orquiz was appointed to represent the Defendant. On February 21, 2007, Judge Parker held a sentencing hearing. It was represented to the Court that while Defendant wanted to be sentenced under the original plea agreement, if that was no longer viable then Defendant wanted to plead to the information without an agreement. Judge Parker noted that evidence of the additional convictions gave the Government the right to withdraw from the original plea agreement. Judge Parker was not willing to proceed further at that time. He continued the hearing until March directing defense counsel to confer further with his client and, if he wanted to proceed with a plea of guilty to the information, to schedule a change of plea with a U.S. Magistrate Judge before the March sentencing date. Subsequently, Judge Parker issued orders denying Defendant's motion to

enforce the original plea agreement and granting the Government's motion to withdraw from that same agreement.

On March 7, 2007, Defendant appeared before Judge Martinez and pled guilty to the information without any plea agreement.   The guideline imprisonment range was 57 to 71 months. Counsel for Defendant submitted a sentencing memorandum to the Court.  After argument Judge Parker imposed a sentence of 46 months under 18 U.S.C. §3553(a) independent of the sentencing guidelines.

### Standard of Review

Since Diaz-Arreola  is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies.  A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  Movant's claims, if proved, would constitute a sentence not authorized by law or a denial or infringement of his constitutional rights.

### Breach of the Original Plea Agreement

General contract principles govern the interpretation of plea agreements.  *United States v. Cachucha*, 484 F. 3d 1266 (10th Cir. 2007).  In this case the clear terms of the original plea agreement noted that  the stipulation to an offense level nine (9) was based upon information then known to both parties that the Defendant did not have a felony conviction which would qualify as a conviction under the Sentencing Guidelines.  The agreement further stated that should the Government learn prior to sentencing that the  Defendant had such convictions it reserved the right to withdraw from the plea agreement.  It is clear that Defendant had such convictions, a fact which

the Defendant does deny in any manner.  The trial court correctly allowed the Government to withdraw from the plea agreement and was correct in denying Defendant's motion to enforce that portion of the agreement which would have stipulated to an offense level nine (9).

### The Enhanced Sentence due to Prior Convictions Violated the *ex post facto* Clause

This claim, though not clearly stated by Movant, seems to argue that enhancing his sentence based upon the prior convictions is an *ex post facto* violation.  The argument is without merit. *United States v. Cabrera-Sosa,* 81 F.3d 998, 1001-02 (10th Cir. 1996); *United States v. Ramirez-Munoz*, 184 Fed Appx. 741, 2006 WL 1644726 (10th Cir. 2006).  As the brief of the United States notes, an aggravated felony enhancement to a §1326 offense is not an *ex post facto* violation, it is stiffened penalty for this offense rather than a new or additional penalty for the earlier offense.

### Ineffective Assistance of Counsel

Movant's last claim is for ineffective assistance of counsel.  The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Diaz-Arreola  must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, Diaz-

Arreola  "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.  *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

The essence of Movant's  ineffective assistance of counsel claim appears twofold.  First, he argues that his defense counsel failed to present any argument in favor of the Defendant at the time of sentencing[2].  The second aspect is a claim that his counsel did not file a direct appeal of his conviction.

A review of the Court docket shows that prior to the sentencing hearing defense counsel filed a sentencing memorandum with the Court.  At the sentencing hearing he directed the Court's attention to the memorandum and he also made the court aware of numerous certificates and  letters of recommendation from various people and entities which  noted that the Defendant had turned his life around.  On that basis he argued for a lower sentence than called for in the guidelines, which the Judge ultimately granted.  See Transcript of Sentencing Hearing  (Docket No. 56) and affidavit of Defense Counsel (Government Exhibit 2).  Thus, factually the Movant is incorrect in his statement that his counsel said nothing in his favor at sentencing.  To the contrary, he not only said something,

---

[2] This aspect of the claim is actually stated as part of his first claim, not in the third claim alleging ineffective assistance of counsel.

but was successful in obtaining an approximately eleven month reduction in Movant's sentence compared to the sentencing guideline range.

Movant's second argument regarding ineffective assistance suffers from the same infirmity. Movant states that his counsel failed to file a direct appeal, but the record notes that an appeal was filed in late March 2007 and denied by the Tenth Circuit on December 7, 2007.  See Docket Nos. 44 and 46 through 52 and Defense Counsel's affidavit, supra .  Again, Movant's factual allegations are incorrect as to the filing of an appeal.  Movant  argues at length that he did not receive copies of the appeal, which his attorney disputes.  Nevertheless, a failure to receive copies of the appeal after the fact, even if it was deficient under *Strickland*, would not meet the prejudice prong, as the failure to provide the copies had no impact on the outcome of the appeal.  Movant does not allege any prejudice arising out of his failure to receive copies of the appeal, nor does he allege any deficiencies in the appeal itself.

This Court finds that  neither of Movant's allegations of ineffective assistance of counsel is factually accurate. Furthermore, the Court has reviewed the record of proceedings, including two transcripts, and finds that defense counsel was not ineffective.  The sentence Movant received was well below the guideline range.  Even if defense counsel had  failed to make any statements at the sentencing, his sentencing memorandum and the documents presented to the Court set out all the favorable information that Movant had.  Thus, there would have been no prejudice given the leniency shown by the Court in reducing the sentence below the guideline level.

### Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing.  *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984).  Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner

is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test. Neither does in this case.

## Recommended Disposition

The court recommends that Diaz-Arreola's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed March 3, 2008 be DISMISSED. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636 (b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

_____
W. Daniel Schneider
United States Magistrate Judge